UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | | |
|---|---|---|
| JOSEPH MARTIN McROBERTS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CV416-191 |
| MRS. C. CROSSELEY, | ) ) | |
| Defendant. | ) ) | |

## REPORT AND RECOMMENDATION

Proceeding *pro se*, inmate-plaintiff Joseph Martin McRoberts brings this 42 U.S.C. § 1983 action against one of his jailers -- Mrs. C. Crosseley, "Administrator of Commissary Department." Doc. 1 at 5. The Chatham County, Georgia jail in which McRoberts is detained uses a "Kiosk Machine" to enable inmates to communicate grievances and "postage requests." *Id.* at 6. Despite this handy method, Crosseley "has specified that all [postage] requests must be put on paper order forms. . . ." *Id.* Plaintiff has complied but some requests have been "misplaced," causing him delay. "Through such actions," he alleges, "I have missed a motions hearing and have been unable to get documents in on a timely manner."

*Id.* "The denial of such postage has severely hindered my pending litigations." *Id.*

Claiming "emotional distress" and violations of his "1st and 6th Amendments" rights, doc. 1 at 6-7, McRoberts pursues nominal, compensatory and punitive damages, plus injunctive relief. *Id.* at 7. He also seeks appointment of counsel and attorney fees.[1] *Id.*; doc. 3.

Inmates are constitutionally guaranteed access to the courts. States must supply indigent inmates with a law library or legal assistance program, in addition to the means by which they may access the courts (pens, postage, notarial services, and so forth). *Bounds v. Smith*, 430 U.S.

---

[1] McRoberts proceeds *in forma pauperis* (IFP) (doc. 3), so the Court is screening his case under 28 U.S.C. § 1915(e)(2)(B)(ii) to determine whether he has stated a plausible claim for relief. *See also* 28 U.S.C. § 1915A (courts must identify "cognizable claims" filed by prisoners or other detainees and dismiss claims which are frivolous, malicious, fail to state a claim for relief, or seek monetary relief from a defendant immune from such relief). Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Thompson v. Rundle*, 393 F. App'x 675, 678 (11th Cir. 2010).

Thus, the Court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Section 1915 "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989); *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001); *Daker v. Bryson*, 2017 WL 242615 at * 3 (S.D. Ga. Jan. 19, 2017).

2

817, 824-25 (1977); *Bey v. Haines*, 2016 WL 492316 at * 2 (W.D. Wis. Feb. 5, 2016). "Interference with a detainee's access to the court constitutes a First Amendment violation." *Gold v. Geo Group Inc.*, 2016 WL 7034404 at *11 (M.D. Fla. Dec. 2, 2016) (cites omitted). But plaintiffs must plead actual harm, and that's "'not satisfied by just any type of frustrated legal claim. Specifically, a plaintiff must show that the denial of access to court prejudiced him in a criminal appeal, post-conviction matter, or in a civil rights action under 42 U.S.C. § 1983 to vindicate 'basic constitutional rights.'" *Id.* at *11 (quoting *Lewis v. Casey*, 518 U.S. 343, 354 (1996)); *Bass v. Singletary*, 143 F.3d 1442, 1445 (11th Cir. 1998) (general allegation that prisoners were unable to file proper pleadings and responses in various, unspecified legal actions was insufficient to meet the actual-injury requirement).

At most, McRoberts alleges that the postage-supplying component of his jail's "access to court" guarantee "is subpar," prejudicing at best a generic legal claim, rather than "a criminal appeal, post-conviction matter, or . . . a civil rights action under 42 U.S.C. § 1983 to vindicate basic constitutional rights." *Gold,* 2016 WL 7034404 at *11. This claim fails.

Plaintiff also fails to plead facts to support an emotional distress claim. *See Timmons v. Bryson*, 2016 WL 4082710 at * 6 (S.D. Ga. Aug. 1, 2016) (for such a claim, "(1) the conduct must be intentional or reckless; (2) the conduct must be extreme and outrageous; (3) there must be a causal connection between the wrongful conduct and the emotional distress; and (4) the emotional distress must be severe.") (quotes and cite omitted). And "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury. . . ." 42 U.S.C. § 1997e(e), quoted in *Floyd v. Sigmon*, 2016 WL 3713208 at *3 (N.D.Fla., June 9, 2016). Having alleged no physical injury, McRoberts' emotional distress claim also fails.

Given its facial frivolity, plaintiff's Complaint must be **DISMISSED WITH PREJUDICE** with no re-pleading option warranted. *Dysart v. BankTrust*, 516 F. App'x 861, 865 (11th Cir. 2013) ("[D]istrict court did not err in denying Dysart's request to amend her complaint because an amendment would have been futile."); *Langlois v. Traveler's Ins. Co.*, 401 F. App'x 425, 426-27 (11th Cir. 2010); *Simmons v. Edmondson*, 225 F. App'x 787, 788-89 (11th Cir. 2007) (district court did

4

not err in dismissing complaint with prejudice without first giving plaintiff leave to amend because no amendment could have overcome the defendants' immunity).[2] His motion to appoint counsel is **DENIED**. Doc. 3. And because of its frivolity, this case should be recorded as a "strike" under 28 U.S.C. § 1915(g).

Meanwhile, plaintiff must pay his $350 filing fee. His furnished account information shows that he has had a $0.00 average monthly balance and $0.00 in monthly deposits in his prison account during the past six months. Doc. 6. He therefore owes no initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). But plaintiff's custodian (or designee) shall set aside 20 percent of all future deposits from his account and forward same to the Clerk each time the set aside amount reaches $10.00, until the balance of the Court's $350.00 filing fee has been paid in full.

The Clerk is **DIRECTED** to send this Report and Recommendation

---

[2] Despite the lack of any apparent basis for viable amendment, plaintiff's opportunity to object to this Report and Recommendation within 14 days of service affords him an opportunity to resuscitate his case. He may also submit an Amended Complaint during that period, if he believes it would cure the legal defects discussed above. *See Willis v. Darden*, 2012 WL 170163 at * 2 n. 3 (S.D. Ga. Jan. 19, 2012) (citing *Smith v. Stanley*, 2011 WL 1114503 at * 1 (W.D. Mich. Jan. 19, 2011)).

(R&R) to McRoberts' account custodian immediately. In the event he is transferred to another institution, plaintiff's present custodian shall forward a copy of this R&R and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from the plaintiff shall be collected by the custodian at his next institution in accordance with the terms of this R&R.

Finally, a word about "zero-account" inmate lawsuits like this (McRoberts had $0.00 in his prison account when he filed this case, doc. 6 at 1). Assuming that the district judge adopts this and the three other, "no-claim" R&Rs issued this day by the undersigned (*McRoberts v. Karpf*, CV416-067, *McRoberts v. Meeks*, CV416-149, and *McRoberts v. Odell*, CV416-181), two consequences result: First, plaintiff will have struck out under § 1915(g)'s three-strikes rule.[3] And second, he will owe $1,400 in

---

[3] Plaintiffs are generally required to pay a filing fee in order to institute a civil action in a federal district court. 28 U.S.C. § 1914. Indigent prisoners may avoid *prepayment* of the filing fee under 28 U.S.C. § 1915, but must surmount § 1915(g):

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

PLRA fees (four sets of $350 filing fees to be collected *simultaneously*). *Bruce v. Samuels*, ___ U.S. ___, 136 S.Ct. 627, 630-33 (2016) (28 U.S.C. § 1915(b)(2) requires that monthly filing-fee payments be paid simultaneously on a per case basis, not sequentially, even if this results in 100 percent of the prisoner's monthly income being collected; this prevents an inmate from filing multiple lawsuits for the price of one); *Njos v. Bureau of Prisons*, 2017 WL 520555 at * 3 (M.D. Pa. Feb. 8, 2017).[4] His fellow inmates are thus encouraged to stop, look, and listen before lobbing baseless lawsuits at this Court.

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.

---

28 U.S.C. § 1915(g). A three-striker who fails to show "imminent danger" must pay the complete $350 filing fee when he initiates suit. *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001). Short of that, the court dismisses the Complaint without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).

[4] As explained elsewhere:

> Requiring prisoners to make economic decisions about filing lawsuits does not deny access to the courts; it merely places the indigent prisoner in a position similar to that faced by those whose basic costs of living are not paid by the state. Those living outside of prisons cannot file a lawsuit every time they suffer a real or imagined slight. Instead, they must weigh the importance of redress before resorting to the legal system.

*Roller v. Gunn*, 107 F.3d 227, 233 (4th Cir. 1997), quoted in *Fuller v. Bishop*, 2017 WL 386536 at * 4 (D. Md. Jan. 27, 2017).

Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 22nd day of February, 2017.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA